YOUNGS et al. v. PACKARD et al.

(Supreme Court, Appellate Term. November 22, 1910.)

APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

In an action for the price of goods, where the evidence sharply conflicted as to whether the goods were delivered to a certain company by plaintiff at defendant's request, the erroneous admission of evidence that the company was financially irresponsible, and that one B., who with his wife owned a half interest in the company, had gone into bankruptcy, was prejudicial to defendants.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160; Dec. Dig. § 1050.*]

Appeal from City Court of New York, Trial Term.

Action by William P. Youngs and others against Nathan J. Packard and another. From a judgment for plaintiffs, and from an order denying a new trial, defendants appeal. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Samuel Packard (Joseph Rosenzweig, of counsel), for appellants.
Wilder, Ewen & Patterson (William R. Wilder and Ward V. Tolbert, of counsel), for respondents.

SEABURY, J. The plaintiffs claim that they sold and delivered goods to the Buzzini Equipment & Construction Company at the request of the defendants. It is conceded that the goods were delivered to the Buzzini Equipment & Construction Company. The question in

issue is whether these goods were so delivered at the request of the defendants.

So far as the direct evidence upon this issue is concerned, there was a sharp conflict. Over the objection and exception of the defendants, the plaintiffs were permitted to prove that the Buzzini Equipment & Construction Company was financially irresponsible, and that one Buszini, who with his wife owned a half interest in the corporation, had gone into bankruptcy. In view of the narrow question of fact which was presented, we think that this incompetent proof was prejudicial to the defendants. There are several other errors pointed out; but, as there must be a new trial, we do not deem it necessary to discuss them at this time.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.